■ In the Matter of ANNE FORD, Individually and as Natural Parent of COLLEEN FORD, an Infant, Appellant, v TOWN OF GUILDERLAND, Respondent. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered June 17, 1980 in Albany County, which denied petitioner's application for leave to serve a late notice of claim. On June 4, 1979, petitioner's 14-year-old daughter sustained personal injuries while riding a bicycle, allegedly due to a defective condition of a roadway in the Town of Guilderland. On March 19, 1980, nine months later, respondent rejected petitioner's attempt to serve a notice of claim pursuant to subdivision 1 of section 50-e of the General Municipal Law. Petitioner commenced this proceeding on March 17, 1981, seeking leave to serve a late notice of claim. Special Term, finding lack of extenuating circumstances and lack of respondent's knowledge of the accident, denied the application. The order should be affirmed. While the period during which a court may grant an extension to serve a notice of claim is tolled during infancy (*Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; see CPLR 208), the mere availability of the toll does not itself mandate that an extension be granted; rather such determination remains purely discretionary (*supra,* at p 265). A review of the record here demonstrates no abuse of discretion in denying the application. There has been no showing that respondent had actual knowledge of the accident (see General Municipal Law, § 50-e, subd 5), nor has claimant proffered a viable excuse for the extensive delay. Indeed, petitioner's affidavit indicates that she investigated the incident with her attorney well within the statutory 90-day period (General Municipal Law, § 50-e, subd 1). This was concomitant with her investigation of a claim on behalf of her infant son, and, parenthetically, contrary to the factual represen-

tation contained in her brief. Order affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.