■ CELIA DUFFY, Individually and as Executrix of JOSEPH DUFFY, Deceased, Appellant, v HORTON MEMORIAL HOSPITAL et al., Defendants and Third-Party Plaintiffs-Appellants. JEANNE GREENBERG et al., as Executrices of ISIDORE GREENBERG, Deceased, Third-Party Defendants-Respondents.—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered January 3, 1984 in Sullivan County, which granted third-party defendants' motion for reargument and denied plaintiff leave to serve an amended complaint.

When this case was previously before this court (109 AD2d

927), we affirmed Special Term's holding that plaintiff's direct claim against third-party defendant, asserted in an amended complaint, did not relate back to the date of service of the third-party complaint for purposes of the Statute of Limitations (see, CPLR 203 [e]). The Court of Appeals reversed (66 NY2d 473). Since this court had denied plaintiff's motion to amend solely on the ground that the claim would be barred by the Statute of Limitations, the Court of Appeals remitted the matter for the exercise of our discretion in determining whether amendment of plaintiff's complaint would be warranted (CPLR 5613).

Leave to amend pleadings "shall be freely given" absent prejudice or surprise resulting from the delay (CPLR 3025 [b]; accord, Plattsburgh Distrib. Co. v Hudson Val. Wine Co., 108 AD2d 1043, 1044). Here, third-party defendant was apprised of the underlying lawsuit. Plaintiff's amended complaint asserting a direct claim against third-party defendant involves the same transactions and facts as the underlying suit. No prejudice or surprise has been shown. We find plaintiff's supporting papers adequate to allow her to amend her complaint to assert a direct cause of action against third-party defendant.

Order modified, on the facts, without costs, by reversing so much thereof as denied plaintiff leave to serve an amended complaint; said leave granted to plaintiff; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.