In the Matter of VITO ALBANESE, JR., by his Parent and Natural Guardian, VITO ALBANESE, SR., et al., Appellants, v

VILLAGE OF FLORAL PARK et al., Respondents.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from (1) an order of the Supreme Court, Nassau County (Roberto, J.), dated October 18, 1985, which denied their application for leave to serve a late notice of claim, and (2) an order of the same court, dated November 25, 1985, which denied their motion for renewal and reargument.

Ordered that the order dated October 18, 1985 is affirmed; and it is further,

Ordered that the order dated November 25, 1985 is modified by adding thereto a provision granting renewal and reargument and thereupon adhering to the original determination; as so modified, the order dated November 25, 1985 is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The infant claimant, Vito Albanese, Jr., was seriously injured when he attempted to commit suicide by hanging himself in the bathroom of his foster home on September 10, 1984. The essence of the petitioners' allegations is that the Village of Floral Park Fire and Police Department rescue teams, who were summoned to the scene by the foster mother, negligently failed to provide the infant with proper and sufficient rescue and resuscitation efforts which resulted in his becoming severely and permanently brain damaged.

The petitioners initially moved for leave to serve a late notice of claim nunc pro tunc on or about September 12, 1985, well beyond the 90-day limit set forth in General Municipal Law § 50-e (1). The petitioner Vito Albanese, Sr., who is the infant's father and natural guardian, maintains that it was not previously known to him that some of the brain damage sustained by his son could have resulted from negligent treatment on the part of the rescue workers both at the scene and en route to the hospital. By order dated October 18, 1985, Special Term denied the petitioners' motion, finding that the infant's disabilities were an inadequate excuse for the delay, particularly since they had not prevented the petitioners from filing a timely notice of claim against the County of Nassau in a separate action emanating from this incident. Special Term specifically noted the absence of an affidavit from Vito Albanese, Sr.

By notice of motion dated November 15, 1985, the petitioners sought leave to renew and reargue their prior application. In support of the reapplication, Vito Albanese, Sr., described

his attempt, since his son's transfer to the Children's Specialized Hospital in New Jersey in January 1985, to ascertain whether the resuscitative measures taken by the respondents might have contributed to his son's disability. Special Term denied the motion, treating it solely as a motion for leave to reargue.

By the express terms of General Municipal Law § 50-e (5), the fact of infancy alone is insufficient to relieve a prospective litigant from the consequences of his default in serving a timely notice of claim. Absent a showing that the delay was the product of the infancy itself, the claim will be barred (see, *Matter of Murray v City of New York,* 30 NY2d 113, 116). The mere fact that infancy or some related disability may toll the running of the period within which a court may grant an extension of the time for serving a notice of claim does not mandate that an extension be granted in every case. "The decision to grant or deny an extension under section 50-e (subd 5) is still purely a discretionary one, and the courts remain free to deny an application for an extension in the interests of fairness to the potentially liable public corporation" (*Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 265-266; accord, *Matter of Ford v Town of Guilderland,* 85 AD2d 868).

It cannot be said that Special term abused its discretion in denying the petitioners' application for leave to serve a late notice of claim. Under the circumstances presented in this case, the disability of infancy is outweighed by other factors requiring the denial of the petitioners' motion. Absent any evidence on the record of a possible nexus between the infant claimant's permanent disabilities and the respondents' handling of the rescue (see, *Fox v City of New York,* 91 AD2d 624), it is evident that the respondents lacked actual knowledge of the essential facts underlying the petitioners' claim (cf., *Matter of Lucas v City of New York,* 91 AD2d 637).

Although Vito Albanese, Sr., had in his possession as early as April or May 1985 a police report which led him to the conclusion that there had been a delay in transporting his son to the hospital, he waited some five months before taking appropriate action, i.e., the service of the requisite notice of claim. The delay of approximately one year in seeking leave to serve a late notice of claim deprived the village of the opportunity to timely and effectively investigate the circumstances surrounding the incident while information was still readily available, and to insure the preservation of evidence relevant to the claim (see, *Matter of Beary v City of Rye,* 44 NY2d 398,

412; *Braverman v City of White Plains,* 115 AD2d 689, 691). "Were we to find the delay here excusable, precious little of section 50-e of the General Municipal Law would survive in this department" *(Matter of Morris v County of Suffolk,* 88 AD2d 956, 957, *affd* 58 NY2d 767).

While we agree that leave to serve a late notice of claim nunc pro tunc was properly denied, we disagree with Special Term's treatment of the petitioners' second motion as one for reargument only *(see, Matter of Alessi v County of Nassau,* 85 AD2d 725). Inasmuch as the affidavit of Vito Albanese, Sr., which had not been submitted on the initial motion, was submitted in support of the petitioners' reapplication, the court improperly treated the latter solely as a motion for leave to reargue. Courts may, in their discretion, grant renewal of a prior motion upon facts known to the moving party at the time of the original motion *(see, Patterson v Town of Hempstead,* 104 AD2d 975). Under the facts and circumstances of this case, Special Term should have granted the petitioners' application for renewal and reargument and, upon renewal, adhered to its original determination. Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.