■ PAUL WENCEK, Respondent, v COUNTY OF CHAUTAUQUA, Appellant.—Order unanimously reversed on the law without costs and motion denied. Memorandum: On December 29, 1985, plaintiff Paul Wencek lost control of his motor vehicle while driving on South Roberts Road in the Town of Dunkirk, Chautauqua County. His vehicle allegedly went off the road's shoulder and subsequently slid on the ice, spun around, hit a snowbank and turned upside down, resulting in damage to the vehicle. Approximately 229 days later, he moved, pursuant to General Municipal Law § 50-e (5), to file a late notice of claim against the county alleging negligence in the design, maintenance, construction and inspection of the roadway where the accident occurred. Special Term granted plaintiff's motion.

In support of his contention that the county had actual knowledge of the essential facts constituting his claim within 90 days after the claim arose, plaintiff submitted a copy of an undated article from an unnamed newspaper indicating the

occurrence of the accident, that a "state trooper" was present, and that plaintiff was issued an appearance ticket for traveling too fast for the road conditions. Plaintiff also submitted a copy of a letter signed by "residents of S. Roberts Rd" dated January 27, 1986 and addressed "To Whom It May Concern", stating that approximately 14 vehicles had gone off the road between December 27 and 29, 1985. It does not specifically mention plaintiff's accident.

The county denied that it had actual knowledge of the essential facts constituting the claim and averred that State Police accident reports are not provided to or maintained by the county.

On this record, plaintiff failed to present sufficient proof of actual knowledge on the part of the county (see, Baehre v County of Erie, 94 AD2d 943; Matter of Cooper v City of Rochester, 84 AD2d 947). The facts here are quite different from those in Innes v County of Genesee (99 AD2d 642, affd 62 NY2d 779), in which we held that the county had actual knowledge. In that case, a county Deputy Sheriff investigated the accident and his report indicated that the contour of the road prevented plaintiff from seeing the other vehicle, thus furnishing a cause of the accident. (Appeal from order of Supreme Court, Chautauqua County, Cass, J.—late notice of claim.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.