■ In the Matter of JAMES GROSHANS, an Infant, by His Mother and Natural Guardian, NANCY TROFEMUK, Respondent, v TOWN OF BABYLON, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from a judgment of the Supreme Court, Suffolk County (Saladino, J.), entered September 22, 1987, which granted the application.

Ordered· that the judgment is reversed, on the law, with costs, and the application for leave to serve a late notice of claim is denied.

It is well settled that in deciding applications for leave to serve a late notice of claim, courts are not required to grant extensions in every case involving infants *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Montana v City of New York,* 96 AD2d 1031; *Matter of Ford v Town of Guilderland,* 85 AD2d 868). In the case at bar, the disability of infancy is outweighed by other factors. No adequate explanation was given for the delay in bringing the proceeding for leave to serve a late notice of claim until over a year after the accident *(see, Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574; *Montana v City of New York, supra; Fox v City of New York,* 91 AD2d 624). Nor did the papers submitted in support of the application allege adequate

facts to establish that the town had actual knowledge of the facts underlying the claim of negligence within a reasonable time after the accident occurred *(see, Matter of Soe v County of Westchester,* 142 AD2d 584; *Fox v City of New York, supra; Matter of Katz v Rockville Centre Union Free School Dist., supra).* In addition, the delay in the case at bar was unrelated to the claimant's infancy *(see, Matter of Albanese v Village of Floral Park,* 128 AD2d 611; *Montana v City of New York, supra; Matter of Katz v Rockville Centre Union Free School Dist., supra).* Under these circumstances, the application to file a late notice of claim should have been denied. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.