In the Matter of ZANE HOWARD, an Infant, by His Mother and Natural Guardian, CAMILLE MEGNA, Respondent, v CITY OF ROCHESTER et al., Appellants.—Order unanimously reversed on the law without costs, plaintiff's motion denied,

and defendants' cross motions granted. Memorandum: Plaintiff's infant son sustained injuries when he fell from a slide to a blacktop surface at a playground located in Genesee Valley Park in August 1986. She moved three years later to file a late notice of claim on behalf of her infant son against defendants, who opposed the motion on the ground that they would be severely prejudiced if forced to defend the merits of a three-year-old claim of which they had no prior knowledge.

The court erred in granting plaintiff's motion for leave to serve a late notice of claim. Whether to grant an extension to file a notice of claim pursuant to General Municipal Law § 50-e (5) is discretionary *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 259). Courts are to consider in particular whether the responsible party had actual notice, and also shall consider all other relevant facts, including infancy (General Municipal Law § 50-e [5]). Here, plaintiff failed to prove that defendants had actual knowledge of the facts underlying her negligence claim *(see, Washington v City of New York,* 72 NY2d 881, 883; *Wencek v County of Chautauqua,* 132 AD2d 950). We find that defendants have demonstrated substantial prejudice *(see, Matter of Hogan v Town of Orangetown,* 108 AD2d 857), and that the disability of infancy is outweighed by other factors *(see, Matter of Schirripa v Birch Lane Elementary School,* 154 AD2d 536; *Matter of Groshans v Town of Babylon,* 143 AD2d 666). (Appeal from order of Supreme Court, Monroe County, Willis, J.—late notice of claim.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.