■ FELICIA ROGERS, an Infant, by Her Mother and Natural Guardian, LILLIAN A. ROGERS, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Cohen, J.), dated December 6, 1988, which granted the application.

Ordered that the order is reversed, without costs or disbursements, and the application is denied.

As no previously-commenced action was pending against the New York City Housing Authority, the application for leave to file a late notice of claim was improperly brought as a motion *(see, Matter of Eso v County of Westchester,* 141 AD2d 542; *Matter of Lannon v Town of Henrietta,* 87 AD2d 980; *see also, Farber v County of Hamilton,* 158 AD2d 902; *City of New York Dept. of Fin. v Reznick,* 113 AD2d 914).

Further, even if we were to conclude that the instant application had been properly commenced, reversal would nevertheless be required, since the Supreme Court improvidently exercised its discretion in permitting the prospective infant plaintiff and her mother to file a late notice of claim. It is well settled that in deciding applications for leave to serve a late notice of claim, courts are not required to grant extensions in every case involving infants (see, Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256; Matter of Groshans v Town of Babylon, 143 AD2d 666; Montana v City of New York, 96 AD2d 1031). In the case at bar, the disability of infancy is outweighed by other factors. No adequate explanation was given for the 3½-year delay in bringing the application for leave to serve the late notice. Nor did the papers submitted in support of the application allege facts sufficient to establish that the New York City Housing Authority had any knowledge of the circumstances underlying the claim of negligence made. In addition, the delay which ensued was unrelated to the infancy of the prospective infant plaintiff (see, Matter of Groshans v Town of Babylon, supra). Under these circumstances, the application to file a late notice of claim should have been denied. Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.