■ In the Matter of ANGELIA M. BAST, Appellant, v COUNTY OF CLINTON, Respondent.—Appeal from an order of the Supreme Court (Plumadore, J.), entered May 10, 1990 in Clinton County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Among the factors to be considered in deciding an application to serve a late notice of claim are whether the public corporation had actual knowledge of the claim and the infancy of the party making the motion (General Municipal Law § 50-e [5]). Not only was the delay here unrelated to petitioner's infancy, as counsel was retained within 90 days of the incident *(see, Matter of Sampson v Cazzari,* 142 AD2d 681; *Matter of Albanese v Village of Floral Park,* 128 AD2d 611, 613), but there is no evidence that respondent had actual knowledge of the claim *(see, Washington v City of New York,* 72 NY2d 881, 883; *Matter of Howard v City of Rochester,* 162

AD2d 1033, 1034). In addition, petitioner has failed to give an adequate explanation of why this application was delayed for more than one year after the accident *(see, Matter of Groshans v Town of Babylon,* 143 AD2d 666). Under the circumstances, we see no reason to disturb Supreme Court's order denying petitioner's application for leave to serve a late notice of claim.

Order affirmed, without costs. Mahoney, P. J., Levine, Mercure, Crew III and Harvey, JJ., concur.