■ In the Matter of DAZMAINE RUSS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [603 NYS2d 338] — In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated May 31, 1991, as, upon reargument, adhered to its prior determination denying the application, and (2) from an order of the same court, dated May 31, 1993, which granted the respondent's motion to quash the petitioner's subpoena duces tecum.

Ordered that the orders are affirmed, with one bill of costs.

On June 6, 1988, the infant Dazmaine Russ was shot in the head as he was playing on the grounds of the Walt Whitman Housing Project in Brooklyn, New York. The infant was an innocent bystander caught up in an outburst of drug-related gang warfare. The Walt Whitman Housing Project is owned and maintained by the respondent, the New York City Housing Authority (hereinafter the NYCHA). Approximately two and one-half years after the occurrence, the infant's mother, Evelyn Cooper, sought leave to serve a late notice of claim against the NYCHA *(see,* General Municipal Law § 50-e [5]). Ms. Cooper alleges that the failure to timely serve a notice of claim was attributable to the injuries suffered by the infant and the emotional trauma suffered by Ms. Cooper herself. In addition, Ms. Cooper alleges that the NYCHA had actual notice of the claim since the shooting was reported in local newspapers and was investigated by both the New York City Housing Authority Police and the New York City Police Department (hereinafter the NYPD).

Contrary to Ms. Cooper's contentions, neither the newspaper reports nor anything else in the record demonstrates that this incident was ever investigated by the New York City Housing Authority Police. Thus we cannot conclude that the NYCHA received actual notice of the event in this fashion. Even if we assume that the NYCHA police conducted an investigation, it would not necessarily mean that the NYCHA "acquired actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50 [e] [5]), since a police investigation into a crime is "geared toward finding the [perpetrator] and not toward the preparation of [the] possible claim for pain and suffering on the basis of alleged negligence by the [NYCHA]" *(Chattergoon v New York City Hous. Auth.,*

161 AD2d 141, 142, *affd* 78 NY2d 958; *see also, Caselli v City of New York,* 105 AD2d 251). Nor may Ms. Cooper rely upon the fact that a NYPD "Aided Report" was prepared in connection with the incident as providing actual notice to the NYCHA. As a general rule, knowledge of an accident or occurrence by a municipality's police or fire department cannot be imputed to another public or municipal corporation *(see, Caselli v City of New York, supra; Matter of Perry v City of New York,* 133 AD2d 692; *Tarquinio v City of New York,* 84 AD2d 265, *affd* 56 NY2d 950; *White v City of New York,* 180 AD2d 324, *affd* 81 NY2d 955).* The lack of actual knowledge, coupled with the lengthy delay in seeking leave to file the late notice of claim, clearly prejudiced the NYCHA's ability to defend the claim on its merits *(see, Matter of Beary v City of Rye,* 44 NY2d 398; *Matter of Albanese v Village of Floral Park,* 128 AD2d 611).

With respect to the infant's claim that his infancy prevented him from timely filing the notice of claim, we note that "in deciding applications for leave to serve a late notice of claim, courts are not required to grant extensions in every case involving infants" *(Rogers v New York City Hous. Auth.,* 169 AD2d 763, 764; *see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Matter of Groshans v Town of Babylon,* 143 AD2d 666; *Montana v City of New York,* 96 AD2d 1031). Where, as here, the disability of infancy is outweighed by other factors, the application for leave to serve a late notice should be denied despite the fact of the infancy *(see, Rogers v New York City Hous. Auth., supra; Matter of Albanese v Village of Floral Park, supra; Caparco v Town of Brookhaven,* 133 AD2d 803). In addition, Ms. Cooper's claim that she was unable to timely serve a notice of claim due to her ongoing emotional trauma is unsupported by any medical evidence whatsoever. The mere claim of post-traumatic neurosis, without more, is insufficient to excuse the two and one-half year delay in seeking leave to file the late notice of claim *(see, Bullard v City of New York,* 118 AD2d 447, 449; *see also, McCarthy v Volkswagen of Am.,* 55 NY2d 543).

We also find that the Supreme Court correctly granted the NYCHA's motion to quash the subpoena duces tecum since there was no litigation pending between the parties. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.