■ DARRIN MUNNERLYN, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY POLICE DEPARTMENT, Appellant. [610 NYS2d 322] —In an action, *inter alia,* to recover damages for personal injuries and false arrest, the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated December 20, 1991, which granted the application of the plaintiff for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the complaint is dismissed.

General Municipal Law § 50-e (5) allows courts to consider all relevant factors and to exercise considerable discretion in determining whether to permit service of a late notice of claim *(see, e.g., Matter of Reisse v County of Nassau,* 141 AD2d 649). However, after reviewing the circumstances underlying the plaintiff's application, including the unsubstantiated allegation that the delay was in part caused by the "shock" and physical injuries suffered by him as a result of this incident *(see, e.g., Morano v County of Dutchess,* 160 AD2d 690), we conclude that the Supreme Court improvidently exercised its discretion when it granted permission to serve a late notice of claim *(see, Matter of Russ v New York City Hous. Auth.,* 198 AD2d 361; *Jackson v Police Dept.,* 119 AD2d 551). The plaintiff's cursory allegation of "shock" is an insufficient basis to justify the nine-month delay in serving the notice of claim. Further, the plaintiff failed to demonstrate lack of prejudice to

the appellant as a result of the nine-month delay. The assertions in the notice of claim were inadequate to establish actual knowledge on the appellant's part of the essential facts constituting the crime for which the plaintiff was falsely arrested *(see, Matter of Russ v New York City Hous. Auth., supra; see, Carroll v City of New York,* 130 AD2d 702). Sullivan, J. P., Miller, Joy and Friedmann, JJ., concur.