■ In the Matter of BRIAN O'MARA, Respondent, v TOWN OF CORTLANDT, Appellant, et al., Defendants. [620 NYS2d 82] —In a proceeding pursuant to General Municipal Law § 50-e (5) for

leave to serve a late notice of claim, the Town of Cortlandt appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered May 27, 1993, which granted the application.

Ordered that the judgment is reversed, as an exercise of discretion, with costs, and the application for leave to serve a late notice of claim is denied.

On January 21, 1992, the infant petitioner, while riding a bicycle upon the frozen surface of a lake owned by the appellant, Town of Cortlandt, was seriously injured when he was struck by a snowmobile operated by the defendant Kevin Peske. On or about November 4, 1992, the petitioner sought leave to serve a late notice of claim upon the town. The Supreme Court granted the application. We reverse.

The key factors to be considered in deciding an application for leave to serve a late notice of claim are whether the petitioner has demonstrated a reasonable excuse for the delay, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the municipality's opportunity to investigate and defend against the claim was substantially prejudiced by the delay *(see,* General Municipal Law § 50-e [5]; *Matter of Perry v City of New York,* 133 AD2d 692). The delay in this case was occasioned by law office failure and was not the product of the injured petitioner's infancy *(see generally, Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818; *Matter of Kyser v New York City Hous. Auth.,* 178 AD2d 601; *Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671). Moreover, the petitioner has failed to establish that the existence of a report prepared by a New York State Police Officer and several newspaper articles regarding the collision sufficed to convey to the town actual knowledge of the essential facts constituting the claim against it *(see, Matter of Russ v New York City Hous. Auth.,* 198 AD2d 361; *Zimmerman v City of New York,* 161 AD2d 591; *Wencek v County of Chautauqua,* 132 AD2d 950).

Given the foregoing circumstances, the Supreme Court improvidently exercised its discretion in granting the petitioner's application for leave to serve a late notice of claim against the town. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.