■ In the Matter of JAMES R. MOREHEAD II et al., Appellants, v WESTCHESTER COUNTY et al., Respondents. [635 NYS2d 65] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered July 7, 1994, which denied the application.

Ordered that the order is affirmed, with costs.

In considering whether to grant an application for leave to serve a late notice of claim, General Municipal Law § 50-e (5) instructs the court to consider, "in particular": (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, (2) whether the claimant was an infant or mentally or physically incapacitated, (3) whether the claimant had a reasonable excuse for the delay in filing a notice of claim, and (4) whether the municipality was prejudiced by the delay *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256). In this case, the claim arose on January 7, 1993, when the infant petitioner was allegedly wrongfully detained by the respondents. Despite the alleged retention of prior counsel the very next day, the instant application was not made until more than 13 months later in February 1994. We find that the petitioners have failed to proffer a reasonable excuse for their failure to serve a timely notice of claim *(see, Seif v City of New York,* 218 AD2d 595; *Matter of Lamper v City of New York,* 215 AD2d 484; *Burns v New York City Tr. Auth.,* 213 AD2d 300; *Matter of O'Mara v Town of Cortlandt,* 210 AD2d 337). Moreover, contrary to the petitioners' contentions, the mere fact that an employee of the respondents was allegedly notified about this matter does not supplant the notice requirements of General Municipal Law § 50-e *(see, Matter of Ealey v City of New York,* 204 AD2d 720) because "[m]erely providing notice of the occurrence is not adequate to [provide] notice of a particular claim" *(Brown v New York City Tr. Auth.,* 172 AD2d 178, 180; *see also, Matter of Vitali v City of New York,* 205 AD2d 636). In any event, because the instant claim arose from allegations of child abuse or neglect which were apparently determined to be unfounded, pursuant to Social Services Law § 422 (5), all records, including "the records of any local child protective services or the state agency which investigated the report" were expunged. Inasmuch as the petitoners' delay in filing a notice of claim deprived the respondents of the opportunity to utilize the alleged records as part of a prompt investigation of the petitioners' claim, the respondents have demonstrated that they were prejudiced by the delay *(see, Carbone v Town of Brookhaven,* 176 AD2d 778).

We have reviewed the petitioners' remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.