■ In the Matter of SUSAN C. THOMPSON, Appellant, v MICHAEL M. CHALICH et al., Respondents. [643 NYS2d 374] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), entered February 10, 1995, which denied her application.

Ordered that the order is affirmed, with costs.

Upon consideration of the statutory factors (*see,* General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]; *Matter of O'Mara v Town of Cortlandt,* 210 AD2d 337) the court did not improvidently exercise its discretion when it denied the petitioner's application for leave to serve a late notice of claim. The petitioner's unsubstantiated claim that her injuries needed to be monitored in order to determine if they were serious enough to meet the threshold of the no-fault law was insufficient to excuse the eight-month delay herein (*see, Winter v City of Geneva,* 203 AD2d 939; *see also, Munnerlyn v City of New York,* 203 AD2d 437).

Moreover, the petitioner failed to establish that the defendants had actual knowledge of the facts underlying the claim within 90 days of the accident or a reasonable time thereafter (*see, Matter of Dancy v Poughkeepsie Hous. Auth.,* 220 AD2d 413), and the police accident report herein may not be used to impute knowledge to the respondents (*see, Matter of Dube v City of New York,* 158 AD2d 457). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.