In the Matter of BRIAN FINNERAN, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [644 NYS2d 537]

The decision to grant or deny a petition for leave to serve a late notice of claim rests in the sound discretion of the Supreme Court upon consideration of the relevant factors enumerated in General Municipal Law § 50-e (5) *(see, Matter of Guarneri v Town of Oyster Bay,* 224 AD2d 695). The court improvidently exercised its discretion in granting the petition as against the appellant New York City Housing Authority (hereinafter the Housing Authority). The petitioner offered only a conclusory and unpersuasive excuse for failing to file a notice of claim until nearly two months beyond the expiration of the statutory period *(see, Levette v Triborough Bridge & Tunnel Auth.,* 207 AD2d 330; *Matter of McAllister v County of Nassau,* 202 AD2d 670). The petitioner contends that his delay in filing a notice of claim in this case was due to the delay in obtaining a copy of a Housing Authority Police investigation report. However, this report was admittedly compiled shortly after the accident and the petitioner made no showing of when he first learned of its

existence, when he first requested it, how long after his request it was received, or what difficulties, if any, were encountered in the procurement process. Similarly, he has failed to demonstrate that this proceeding was commenced promptly after the report was received.

Moreover, it is clear that the Housing Authority did not receive actual notice of the claim within the statutory time or within a reasonable time thereafter. Contrary to the petitioner's contentions, the internal investigation report by the Housing Police did not provide the Housing Authority with notice of the claim. While the report detailed the actions of the Housing Police officers leading up to the accident with the stolen car, it made no mention whatsoever of the petitioner's accident and was clearly inadequate to place the Housing Authority on notice of any possible claim against it *(see, Matter of Morehead v Westchester County,* 222 AD2d 507; *Matter of O'Mara v Town of Cortlandt,* 210 AD2d 337; *Matter of Ealey v City of New York,* 204 AD2d 720).

Finally, because the petitioner's claims against the Housing Authority are so patently meritless *(see, Mangano v New York City Hous. Auth.,* 218 AD2d 787; *Pierre v Modeste,* 204 AD2d 613), it would make little sense to grant him permission to serve a late notice of claim against that party *(see, Matter of Katz v Town of Bedford,* 192 AD2d 707, 708). Sullivan, J. P., Joy, Krausman and McGinity, JJ., concur.