■ ANGELIA BAST et al., Appellants, v ROBERT F. SMITH, SR., et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. COUNTY OF CLINTON, Third-Party Defendant-Respondent. [646 NYS2d 208] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dawson, J.), entered November 27, 1995 in Clinton County, which, *inter alia*, precluded plaintiffs from offering any expert testimony regarding third-party defendant's alleged negligence or culpable conduct.

This personal injury action arises out of a motorcycle accident which occurred on County Road 46 in the Town of Ausable, Clinton County, on July 17, 1988. Plaintiff Angelia Bast (hereinafter plaintiff), then 16 years of age, was a passenger on a motorcycle operated by defendant Robert F. Smith, Jr. and was seriously injured after Smith's motorcycle, for disputed reasons, left the north shoulder of the road and struck a guardrail, severing plaintiff's right arm below the elbow and her right leg above the knee. The motorcycle continued along the guardrail and then went over the guardrail, ejecting plaintiff from her seat and causing her to sustain further injuries. While plaintiff was still in the hospital, her mother, plaintiff Helen Bast, assertedly hired the law firm of defendant Stafford, McGill and Edwards (hereinafter the law firm) to pursue a claim for damages for her daughter's injuries. According to Bast, she asked her attorney to pursue a claim against third-party defendant, Clinton County (hereinafter the County), but, after plaintiff turned 18 years of age and decided to engage the services of another attorney, it was allegedly discovered that no notice of claim had been filed. Plaintiff then moved unsuccessfully for permission to serve a late notice of claim against the County (*see, Matter of Bast v County of Clinton*, 173 AD2d 1079, *lv dismissed* 78 NY2d 1002).

Thereafter, plaintiffs commenced this action alleging negligence against Smith and his father, defendant Robert F. Smith, Sr., the registered owner of the motorcycle, and they also asserted several causes of action against the law firm alleging legal malpractice and breach of contract for, *inter alia*, failing to file a notice of claim against the County. The Smiths commenced a third-party action against the County seeking indemnification and/or contribution. Following a motion for summary judgment brought by the law firm in the main action, it was stipulated that the legal malpractice causes of action in the main complaint would be held in abeyance pending the outcome of plaintiffs' claims against the Smiths and the third-party action. Discovery in these latter claims was then conducted and the matter was set down for trial. Prior to the trial date, however, the attorneys for the County moved to, *inter alia*, preclude plaintiffs from putting in any evidence against it based on the fact that plaintiffs have no claim against it, and also to preclude the Smiths from putting in any evidence because the Smiths failed to file a notice of claim and their bill of particulars failed to sufficiently allege active negligence. Supreme Court, *inter alia*, ordered that plaintiffs would be precluded at trial from offering any expert testimony regarding the County's care, custody or control over the highway and that the Smiths would be precluded from offering any evidence of liability of the County except as to their allegations of active negligence on the part of the County with respect to the placement of guardrails, material used in the shoulder and the placement of signs on the curve where the accident occurred. Plaintiffs and the County now appeal.*

Initially, we reject plaintiffs' argument that Supreme Court abused its discretion by precluding them from introducing any evidence as to the County's alleged negligence at trial. There is no dispute that plaintiffs have not asserted any direct cause of action against the County in their complaint and have not requested leave to do so (*cf., Duffy v Horton Mem. Hosp.*, 119 AD2d 847). Further, while it is conceivable that any alleged claims of negligence would have been pertinent with respect to some of plaintiffs' allegations of legal malpractice, the fact that these latter claims have been severed renders consideration of these issues academic. Accordingly, we cannot conclude that

---

* It should be noted that, on April 1, 1996, following Supreme Court's determination in this matter, the Smiths served on the parties an amended third-party bill of particulars which they also incorporated in their responding brief. The County has objected to this brief and we decline to consider any material not before Supreme Court.

Supreme Court abused its discretion by so limiting plaintiffs' proof at trial.

Next, the County maintains that Supreme Court should have granted its motion to limit the Smiths' proof at trial to evidence pertaining to the lack of a curve sign at the accident scene (*see, Alexander v Eldred*, 63 NY2d 460) and preclude proof as to all other allegations due to the Smiths' failure to file a notice of claim against it. The County also maintains that none of its funds were expended in the construction and design of County Road 46 and its guardrails and shoulders, and, therefore, it cannot be held liable for any alleged defects (*cf., Banta v County of Erie*, 134 AD2d 839). However, upon review of the record and, especially, the bill of particulars relied upon by the Smiths, we agree with Supreme Court that the Smiths have sufficiently asserted claims of affirmative negligence against the County (*see, e.g., Palmer v Rouse*, 198 AD2d 629, 631). Regarding the County's allegations of alleged responsibility on the part of the State, the record does not conclusively establish a lack of involvement on the part of the County, and, in any event, the County will have an opportunity to present all pertinent proof on this issue at trial.

Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.