■ In the Matter of MICHELLE C. SCHLECTER et al., Appellants, v COUNTY OF NASSAU et al., Respondents. [657 NYS2d 931] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from (1) an order of the Supreme Court, Nassau County (DeMaro, J.), entered May 10, 1996, which denied the application, and (2) an order of the same court, dated August 27, 1996, which denied their motion, denominated as one for leave to reargue and renew, but which was, in actuality, only for reargument.

Ordered that the appeal from the order dated August 27, 1996, is dismissed, as no appeal lies from an order denying reargument, and it is further,

Ordered that the order entered May 10, 1996, is affirmed, and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Count providently exercised its discretion in denying the petitioners' application for leave to serve a late notice of claim (see, General Municipal Law § 50-e [5]; cf., Sica v Board of Educ., 226 AD2d 542; Matter of Fallon v County of Westchester, 184 AD2d 510, 510-511; Matter of Tabak v City of New York, 167 AD2d 547; Matter of Albanese v Village of Floral Park, 128 AD2d 611, 613-614).

Although denominated a motion for leave to renew and reargue, the petitioners' application was, in actuality, one for reargument (Carson v New York City Tr. Auth., 237 AD2d 242; Gildston v Schecter, 233 AD2d 419; Arcila v Incorporated Vil. of Freeport, 231 AD2d 660). As no appeal lies from the denial of a motion for reargument (Carson v New York City Tr. Auth., supra), the appeal from the order dated August 27, 1996, must be dismissed. Rosenblatt, J. P., Ritter, Thompson and Sullivan, JJ., concur.