▪ In the Matter of ROBERT DICKERSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [664 NYS2d 834] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated July 24, 1996, as, upon reargument, adhered to the original determination in an order of the same court, dated January 11, 1996, which granted the petition.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion in the interest of justice, with costs, the order dated January 11, 1996, is vacated, the petition is denied, and the proceeding is dismissed.

The petitioner resides in a building managed by the appellant housing authority. He was allegedly injured on February 8, 1995, when he was scalded by excessively hot water while filling the tub for a bath. The petitioner filed a notice of claim on September 14, 1995, some four months past the 90-day statutory time frame set forth in General Municipal Law § 50-e. Accordingly, he commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. The court granted that relief and, upon reargument, adhered to its original determination. We disagree.

The decision to grant or deny a petition for leave to serve a late notice of claim rests in the sound discretion of the Supreme Court upon consideration of all relevant factors, including whether the petitioner has demonstrated a reasonable excuse for his or her failure to serve a timely notice of claim, whether or not the municipality acquired actual knowledge of the es-

sential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (*see, Matter of Finneran v City of New York,* 228 AD2d 596; *Matter of Alvarenga v Finlay,* 225 AD2d 617). Here, the petitioner asserts that the untimely serving of his notice of claim should be excused because it was the product of the incapacity he suffered from the mental and physical distress arising from the scalding. However, this proffered excuse is clearly without merit. The petitioner's notice of claim was signed and notarized on April 3, 1995 (still within the 90-day statutory time frame) and was admittedly the product of a discussion between the petitioner and counsel while the petitioner was at counsel's office for an unrelated matter (*cf., Matter of Deegan v City of New York,* 227 AD2d 620). Thus, the petitioner failed to proffer a reasonable excuse for his delay. In addition, the petitioner's report to the building maintenance department that the water running from his faucets was excessively hot was insufficient to impart to the appellant actual knowledge of the essential facts constituting the petitioner's claim (*see, Matter of Finneran v City of New York, supra; Matter of Morehead v Westchester County,* 222 AD2d 507; *Matter of O'Mara v Town of Cortlandt,* 210 AD2d 337). Accordingly, the Supreme Court improvidently exercised its discretion in granting the petitioner leave to serve a late notice of claim. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.