■ In the Matter of YELENA RAKHLEV et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [676 NYS2d 877] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the New York City Housing Authority appeals from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated June 4, 1997, which granted the application, and (2) an order of the same court, dated October 30, 1997, which denied the appellant's motion to resettle the recital paragraph of the order dated June 4, 1997, to reflect that it submitted papers in opposition to the petitioners' application.

Ordered that the order dated October 30, 1997, is reversed, on the law, and the motion to resettle the order dated June 4, 1997, is granted; and it is further,

Ordered that the order dated June 4, 1997, is resettled by adding to the first paragraph thereof, after the words "dated January 7, 1997," the following language: "and the affirmation of Jeoungson Kim, dated January 28, 1997, and any exhibits submitted in connection therewith, in opposition to the application"; and it is further,

Ordered that the order dated June 4, 1997, as so resettled, is reversed, as a matter of discretion, the application is denied, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

Approximately nine months after an alleged slip and fall in a building owned and operated by the appellant, New York City Housing Authority, the petitioners commenced this proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). However, because the petitioners failed to proffer either a reasonable excuse for their delay or proof that the appellant had actual knowledge of the essential facts of their claim within 90 days after its accrual or within a reasonable time thereafter, the court improvidently exercised its discretion in granting such leave (*see, Matter of Dickerson v New York City Hous. Auth.*, 245 AD2d 371; *Matter of Finneran v City of New York*, 228 AD2d 596; *Weber v County of Suffolk*, 208 AD2d 527).

The appellant was entitled to resettlement of the recital paragraphs of the order dated June 4, 1997, to reflect the fact that it submitted papers in opposition to the petitioners' application (*see, Matter of Stonchius*, 209 AD2d 705; CPLR 2219). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.