■ PIETRO LOSSINO et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [693 NYS2d 629] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated February 23, 1998, which granted the defendant's motion, *inter alia*, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

On August 13, 1996, the plaintiff Pietro Lossino allegedly was injured in a fall outside a building owned by the defendant New York City Transit Authority. The defendant rejected the

plaintiffs' notice of claim as untimely, as it was received six days after the 90-day filing period of General Municipal Law § 50-e (1) (a) had expired.

A summons and complaint was served upon the defendant on July 11, 1997. The defendant moved, *inter alia*, for summary judgment on the ground that the plaintiffs had failed to comply with the requirement that a notice of claim be served within 90 days from the date of the accident (*see*, General Municipal Law § 50-e [1] [a]). In opposition, the plaintiffs argued that the envelope containing the notice of claim bore a metered mailing date of November 8, 1996, which, if accurate, was well within the 90-day period. However, the notice of claim had been sent by certified mail pursuant to General Municipal Law § 50-e (3) (a), and was not submitted with any governmental proof that the post office treated the envelope containing it as certified as of November 8, 1996. Alternatively, the plaintiffs argued that even if the notice of claim was untimely, the court should grant them leave to serve a late notice of claim, as the defendant was apprised of the accident within a reasonable time following the 90-day filing period. The court granted the defendant's motion and dismissed the complaint.

It was an improvident exercise of discretion to deny the plaintiffs leave to serve a late notice of claim (*see*, *Matter of Dickerson v New York City Hous. Auth.*, 245 AD2d 371). The plaintiffs had requested that relief in their opposition papers filed within one year and 90 days from the date of the accident (*see*, General Municipal Law § 50-e [5]). Assuming that the notice of claim was not sent on the metered date of November 8, 1996, the defendant acknowledged that it had received the notice of claim by November 19, 1996, and therefore it cannot claim significant prejudice to its defense of the claim. Accordingly, the plaintiff should have been granted leave to serve a late notice of claim. S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.