OPINION OF THE COURT
Johnny L. Baynes, J.
Petitioners Jael Segure (hereinafter Jael or the infant) and her mother and natural guardian, Nyasia Segure, move by notice of motion dated July 21, 2014, for an order pursuant to General Municipal Law § 50-e (5) granting leave to serve a late notice of claim, nunc pro tunc, and tolling the statute of limitations for 60 days following issuance of the decision herein pursuant to CPLR 204 (a).
This is an action alleging injuries to the infant petitioner, Jael, as a result of a fall from the staircase of the jungle gym at the exterior playground of P.S. 9, 80 Underhill Avenue, Brooklyn, New York, on the 17th day of April 2013. Petitioners served a notice of claim on respondents City of New York and New York City Department of Education on May 7, 2014, one year and 30 days after the claimed incident and injury. Thus, the notice of claim is late but within the one-year-and-90-day statute of limitations. The instant motion was made one year and 94 days after the incident complained of, on July 21, 2014. Respondents ask that the court reject petitioners’ request to file a late notice of claim.
General Municipal Law § 50-e mandates that a notice of claim be filed within 90 days of the date on which a claim arose as a precondition to commencing a lawsuit against a municipality for personal injuries.
The statute was amended in 1976 (L 1976, ch 745, § 2) to give the court discretion to allow late filing of a notice of claim. That amendment states,
“[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired *851 actual knowledge of the essential facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; . . . and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits” (General Municipal Law § 50-e [5]).
A notice of claim served outside the 90-day statutory period is a nullity absent leave of court and has no legal effect (Friedman v City of New York, 19 AD3d 542 [2d Dept 2005]; Mack v City of New York, 265 AD2d 308 [2d Dept 1999]; Kokkinos v Dormitory Auth. of State of N.Y., 238 AD2d 550 [2d Dept 1997]). However, the court has broad latitude in deciding whether to grant leave to file a late notice of claim.
The factors which the court is directed to consider in determining whether to exercise its discretion are set forth in General Municipal Law § 50-e, which states that the court shall consider all relevant facts and circumstances. In particular, the court is directed to consider whether:
“the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; . . . and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its *852 defense on the merits” (General Municipal Law § 50-e [5]).
A court will consider three factors in assessing whether to grant leave to serve a late notice of claim: (1) whether a petitioner proffered a sufficient excuse for the delay; (2) whether the municipality had actual knowledge of the underlying facts constituting the claim within the 90-day period; and (3) whether the municipality is prejudiced by the untimely notice of claim (see e.g. Matter of Dominguez v City of New York, 272 AD2d 326 [2d Dept 2000]; Matter of Daniels v City of New York, 243 AD2d 710 [2d Dept 1997]; Munnerlyn v City of New York, 203 AD2d 437 [2d Dept 1994]).
In this particular instance, the petitioner was, in fact, an infant on the date of the alleged incident and is still an infant. It should be noted that this court takes very seriously the fact that the claimant is an infant. However, infancy, in and of itself, does not toll the time in which one must seek leave to file a late notice of claim (Campbell v City of New York, 4 NY3d 200 [2005]; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256 [1980]; Mazzola v Kelly, 281 AD2d 604 [2d Dept 2001]). It is only one factor which must be considered.
In addition to the infancy of the petitioner in assessing a request to file a late notice of claim, a court will consider whether a petitioner proffered a sufficient excuse for the delay; whether the municipality had actual knowledge of the underlying facts constituting the claim within the 90-day period; and whether the municipality is prejudiced by the untimely notice of claim (see Matter of Dominguez v City of New York, 272 AD2d 326 [2d Dept 2000]; Matter of Daniels v City of New York, 243 AD2d 710 [2d Dept 1997]; Munnerlyn v City of New York, 203 AD2d 437 [2d Dept 1994]).
In this instance, it is pointed out that petitioner contemporaneously reported the accident to school staff and documented it in an “Occurrence Report” which was submitted to the City within a week after the accident. Thus, petitioners did not know, until consulting counsel, that further notice of claim was required. While a lack of knowledge is insufficient excuse for filing a late notice of claim, failure of such excuse is not necessarily fatal to the petition where knowledge of the facts underlying the claim was received contemporaneously and there is no prejudice to respondents due to delay (Matter of Leeds v Port Washington Union Free School Dist., 55 AD3d 734 [2d Dept 2008]). Nyasia Segure states in her affidavit in reply to *853 respondents’ opposition herein, sworn to on October 2, 2014, that she spoke with the school’s principal, Sandra D’Avilar, and the assistant principal, Deborah Smith, and the school safety officer and briefed them on the incident which occurred. It was then that the Occurrence Report was prepared. This report noted a witness to the occurrence, Alexis Nicholson, another student. Petitioner states that the Occurrence Report was inconsistent with the information with which she provided the principal, assistant principal and school safety officer. Specifically, the Occurrence Report claimed that the infant petitioner “tripped over her right leg” when it was petitioner’s claim that the infant was caused to fall off of the jungle gym stairs because she was being chased by another student (aff of Nyasia Segure, sworn to Oct. 2, 2014, ¶ 4). Petitioner states she was assured that a new report would be created and submitted to the Department of Education, something which never occurred.
Conversely, respondents neither contradict the assertions of petitioner as regards the Occurrence Report nor make any showing that the filing of a late notice of claim would be prejudicial. It is unlikely that respondents could make such a showing where the instant motion was made only four days after the running of the one-year-and-90-day statute of limitations and respondents had contemporaneous notification of the alleged facts. This view was most recently taken by the Court of Appeals when it sustained a grant of leave to file a late notice of claim where the municipal entity had actual knowledge of the occurrence complained of under analogous circumstances (Matter of Dalton v Akron Cent. Schs., 22 NY3d 1000 [2013]). The Dalton Court placed great weight on the report given to the school in the same manner as the Occurrence Report given by petitioner to the administrative staff of P.S. 9.
In the matter sub judice, the respondents do not deny having knowledge of the incident. They offer no showing of prejudice and had, and have, ample opportunity to investigate the incident complained of.
Wherefore, it is hereby ordered and adjudged that petitioners’ motion to file a late notice of claim is granted.