■ FRANK W. MONTE, Individually and as Parent and Natural Guardian of FRANK J. MONTE, an Infant, Respondent, v TOWN OF ROCHESTER et al., Defendants, and COUNTY OF ULSTER, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered September 12, 1980 in Ulster County, which granted an application on behalf of the infant plaintiff to file a late notice of claim against the County of Ulster pursuant to subdivision 5 of section 50-e of the General Municipal Law. The infant plaintiff, then age 11, was severely injured on September 6, 1976 when the bicycle he was riding was struck by an automobile along a public highway in the Town of Rochester, Ulster County, New York. As a result, the infant is now a spastic quadriplegic and a kinectic mute. His disabilities are permanent, requiring constant medical and supervisory care. The within action was commenced on February 7, 1977. Subsequently, factual and legal developments concerning the width of the highway and the right of way at the scene of the accident suggested that the County of Ulster might also bear some responsibility for the damages sustained by the infant plaintiff. On July 16, 1980 plaintiff moved for permission to file a late notice of claim on the county. On this appeal, the County of Ulster asserts that it was an abuse of discretion by Special Term to grant the requested relief some four years after the claim arose, contending that, beyond the claim of infancy, there are serious factors of actual prejudice to the county, lack of notice of the incident in question, and physical changes at the scene of the accident which should be considered by this court in exercising ultimate discretion to resolve plaintiff's application (cf. *Matter of Febles v City of New York,* 44 AD2d 369). In our opinion, Special Term was entirely correct in permitting service of a late notice of claim on the county. There is no question but that the right to entertain the application exists during the period of infancy *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256), and since issue had been joined in the within action, the results of timely and detailed investigations conducted by the codefendants will become available to the County of Ulster as it assumes the role of an additional defendant. As a matter of fact, much

necessary information is apparently contained in the county's own records and reports. Accordingly, we perceive no substantial prejudice to the county, and view these circumstances as particularly appropriate for the type of redress contemplated by the Legislature when it amended section 50-e of the General Municipal Law (L 1976, ch 745, § 2). Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.