■ In the Matter of SARAH CHATMAN, Appellant, v WHITE PLAINS HOUSING AUTHORITY et al., Respondents. — In a proceeding for leave to serve a late notice of claim pursuant to section 50-e of the General Municipal Law, the appeal is from an order of the Supreme Court, Westchester County (Jiudice, J.), dated December 3, 1982, which denied the application. ¶ Order reversed, on the law and as a matter of discretion, with costs, application granted, and the proposed amended notice of claim dated July 6, 1982 is deemed served. ¶ On January 31, 1982, appellant Sarah Chatman, who is now 76 years old, was injured when an elevator in which she was riding fell from the eleventh to the seventh floor. The defective elevator was located in an apartment building where she resided alone, at 86 DeKalb Avenue in the City of White Plains, which building apparently was operated by the White Plains Housing Authority and owned by the City of White Plains. ¶ On May 20, 1982, appellant applied for leave to serve a late notice of claim on the ground that her physical incapacity following the accident prevented her from serving a timely notice of claim. She further asserted that respondents the City of White Plains and the White Plains Housing Authority had received actual knowledge of the accident through the superintendent of the subject premises whom she had advised of the incident. By order dated July 12, 1982, Special Term (Ferraro, J.), denied the application without prejudice to renew upon submission of medical affidavits substantiating her physical impairment and more specific information as to the notice given of the accident. ¶ By notice of the motion dated September 9, 1982, appellant renewed her application for leave to serve a late notice of claim. In support thereof, an affidavit from appellant's physician was submitted in which it was alleged that (1) he saw her the day after the accident; that

she was complaining of back and chest pain and palpitations; that she walked with a limp and that there were bruises on her back; (2) that he had seen appellant again nine days later at which time she again described her complaints to him; and (3) that appellant was hospitalized from March 8, 1982 until April 3, 1982, a total of 26 days, and again from April 20, 1982 until May 6, 1982, for an additional 16 days. On her first admission to the hospital, appellant was suffering from pulmonary emboli and congestive heart failure. ¶ Appellant also submitted affidavits from her attorneys and one from herself in which it was alleged that on the day following the accident she had advised the superintendent of her building and a tenant representative in the management office of the White Plains Housing Authority of the accident. Within two or three days thereafter she spoke with a man known to her as "Peter", later identified as an independent claims adjuster, called in by the Housing Authority to investigate her claim, to whom she related the circumstances of the occurrence. ¶ Appellant's application was denied by Special Term on the grounds that no adequate showing of a mental or physical condition which would have prevented her from serving a timely notice of claim had been made, and she had not demonstrated that the municipal corporations involved had actual knowledge of the essential facts of the accident. ¶ We disagree and reverse the order denying the application. ¶ The instant case is governed by application of the 1976 amendments to subdivision 5 of section 50-e of the General Municipal Law, the effect of which was designed to give the court greater discretion in achieving "a more equitable balance * * * between a public corporation's reasonable need for prompt notification of claims against it and an injured party's interest in just compensation" (*Camarella v East Irondequoit Cent. School Bd.*, 34 NY2d 139, 142-143; see, also, *Matter of Beary v City of Rye*, 44 NY2d 398, 413). ¶ Subdivision 5 of section 50-e of the General Municipal Law lists several factors which the courts may consider in determining whether to grant an extension of time to serve the notice of claim, among which is whether the claimant had an acceptable excuse for failing to serve timely. ¶ While we disagree that there was an absence of an acceptable excuse, in any event, the absence of such excuse is not necessarily fatal. Rather, all relevant factors are to be considered including the prejudice to the municipality and whether it obtained actual knowledge within the 90-day statutory period or shortly thereafter (see *Matter of Cicio v City of New York*, 98 AD2d 38; *Heiman v City of New York*, 85 AD2d 25). No prejudice or at least no significant prejudice to the respondents is evident upon the record before us. The Housing Authority received sufficient notice the day after the accident so as to enable its insurance carrier to commence its investigation within two or three days of the accident. The City of White Plains received notice of the accident within 19 days of the expiration of the 90-day period, and in view of the apparent speedy repair of the elevator (the superintendent advised the petitioner that the repairman had already been there when she reported the accident to him), the elevator would not have been in the same condition as it was at the time of the accident had the city received earlier notice. In any event, the City of White Plains would have available the investigation conducted on behalf of the Housing Authority as well as any other information acquired from the latter's records in view of the apparent unity of interest vis-à-vis the appellant (see *Monte v Town of Rochester*, 81 AD2d 678). ¶ In addition, we would point out that the motion for leave to serve a late notice of claim was served on May 20, 1982, 19 days after the expiration of the statutory period or approximately three and one-half months after the accident occurred. Moreover, the service of the motion papers occurred nine days after the claimant first contacted an attorney and six days after claimant and her attorney met for the first time. The delay involved is minimal, there is an

absence of substantial prejudice to respondents and the appellant's attorney moved with dispatch in seeking leave to serve the late notice of claim (see *Heiman v City of New York,* 85 AD2d 25, *supra*). ¶ Accordingly, the order appealed from should be reversed and the application granted. Mangano, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.