■ TERRY JOHNSON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Order, Supreme Court, New York County (Alfred Toker, J.), entered June 13, 1991, which granted defendant's motion to dismiss the complaint for failure to timely serve a notice of claim, and denied plaintiff's cross motion for leave to serve a late notice of claim, unanimously affirmed, without costs.

Plaintiff, allegedly injured on a subway staircase on October 10, 1990, served a notice of claim by certified mail on January 10, 1991, two days after the 90-day period for service expired. Defendant received the notice on January 14, 1991, and, on January 24, 1991, returned it to plaintiff with a letter stating that the notice was being returned because it had not been served within the statutory 90-day period (General Municipal Law § 50-e). When defendant moved to dismiss the complaint four months later, plaintiff offered only unsubstantiated allegations in support of her cross motion urging that the late notice be excused. She claimed that she had been injured after falling on the stairway, that a handrail had been in a defective condition, and that the stairwell and rail had been repaired by the time she revisited the scene on April 5, 1991. However, these bare assertions do not show that defendant had "actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reasonable time thereafter." (General Municipal Law § 50-e [5].) The first mention of a defective handrail was made in plaintiff's April 15, 1991 bill of particulars, three months after the untimely notice of claim was received and six months after the alleged accident took place. Defendant was thus prejudiced by an inability to investigate the alleged incident while information was readily available *(see, ibid.).* Nor did plaintiff provide an explanation for not seeking leave to serve a late notice of claim until four months after receiving the letter from defendant advising that the original notice of claim had been untimely served.

Under these circumstances, the trial court properly exercised its discretion to deny an extension of time in which to serve the notice of claim. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Kassal, JJ.