■ In the Matter of NILDA GUZMAN, as Mother and Natural Guardian of YAMILETT SERRANO, an Infant, et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents. [618 NYS2d 405] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 28, 1993, which, *inter alia,* denied their application.

Ordered that the order is reversed, as a matter of discretion, with costs, the application is granted, the proposed notice of claim is deemed served, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Approximately four months after learning that the infant had lead poisoning, the instant application was made for leave to serve a late notice of claim upon the respondents. In support of the application, Ms. Guzman averred, *inter alia,* that she had been preoccupied with her daughter's medical condition and treatment, and the need to find a different apartment to live in. Additionally, the County had knowledge of the facts forming the basis for the claim based on its own investigation of the premises. Under the circumstances presented here, we conclude that the petitioners should have been allowed to serve a late notice of claim *(see, Matter of*

*Underwood v New York City Hous. Auth.,* 177 AD2d 698; *Matter of Logan v City of Albany,* 154 AD2d 861).

We remit the matter to the Supreme Court for further consideration of the petitioners' application for leave to conduct pre-action discovery alleged to be necessary in order to frame a complaint. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.