■ In the Matter of ERIC SANTANA et al., Appellants, v CITY OF NEW YORK Respondent. [621 NYS2d 884] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from a judgment of the Supreme Court, Kings County (Greenstein, J.), dated May 4, 1993, which denied the application.

Ordered that the judgment is affirmed, with costs.

It is well settled that an application for leave to serve a late notice of claim is addressed to the sound discretion of the Supreme Court upon consideration of the factors set forth in General Municipal Law § 50-e (5) (see, Matter of Perry v City of New York, 133 AD2d 692). The petitioners in this case contend that their delay in serving the notice of claim resulted from their belated discovery that the injured petitioner's injuries were permanent. However, this proffered excuse is refuted by the petitioners' concession that they retained counsel (and commenced a lawsuit against various other individuals) prior to learning of the allegedly permanent nature of the injured petitioner's injuries. Moreover, the petitioners also contend that, for unknown reasons, their prior counsel simply failed to serve a notice of claim upon the City of New York or to seek leave to serve a late notice of claim. These proffered explanations fail to demonstrate a valid and acceptable excuse for the delay (see, e.g., Matter of D'Anjou v New York City Health & Hosps. Corp., 196 AD2d 818; Matter of Gandia v New York City Hous. Auth., 173 AD2d 824; Matter of Mallory v City of New York, 135 AD2d 636; Figueroa v City of New York, 92 AD2d 908). Accordingly, under the circumstances of this case, and in light of the entire record, we cannot say that the Supreme Court improvidently exercised its discretion in denying the petitioners' application. Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.