■ In the Matter of JEREMY T. DUARTE et al., Appellants, v SUFFOLK COUNTY et al., Respondents. [646 NYS2d 563] —In a proceeding for leave to serve a late notice of claim pursuant to

General Municipal Law § 50-e (5), the petitioners appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 16, 1995, which denied their application.

Ordered that the order is affirmed, with costs.

On December 20, 1993, the infant petitioner was allegedly sexually molested by another child while both were foster children in a home in Central Islip. The petitioner Evelyn Vargas, the mother of the victim, asserted a claim against the Commissioner of the State Department of Social Services; however, this claim was dismissed by order of the Court of Claims dated September 14, 1994, on the basis of the "improper service and the untimely filing of the notice of intention and claim with the Clerk". The present petition for leave to file a late notice of claim against the County of Suffolk and the County Department of Social Services was then brought on or about December 7, 1994. The Supreme Court denied this application. We affirm.

The petitioner Evelyn Vargas did not submit an affidavit in support of the petition for leave to serve a late notice of claim. Although her counsel alluded to the fact that Evelyn Vargas' claim in the Court of Claims was filed "pro se" in March 1994, it is not clear exactly when she in fact consulted an attorney for the first time. This omission is all the more significant in light of the fact that the Court of Claims' filings demonstrate Evelyn Vargas' awareness of the general rule requiring filing of notices of claim in cases against government entities. She merely sued the wrong government entity, even though she should have known the correct entity, as illustrated by her written correspondence with the respondents and the response thereto dated January 28, 1994. Considering that her incarceration did not prevent her from preparing the well-drafted papers filed in the Court of Claims, we cannot accept this circumstance as sufficient to excuse Ms. Vargas' failure to serve or file a notice of claim in connection with the present action. In sum, we see no valid excuse for the delay and this factor, together with all the other circumstances presented, warrants the conclusion that the Supreme Court did not improvidently exercise its discretion (*see, e.g., Matter of Rusiecki v Clarkstown Cent. School Dist.*, 227 AD2d 493; *Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7; *Matter of Santana v City of New York*, 211 AD2d 636). Bracken, J. P., Thompson and Krausman, JJ., concur.

Goldstein, J., dissents, and votes to reverse the order appealed from, as a matter of discretion, with costs, to grant the application, and to deem the proposed notice of claim served, with the following memorandum: The petitioners, a young boy

and his mother, claim that the respondents were negligent in the administration of their foster care program, thus permitting the sexual abuse of the five-year-old infant petitioner in December 1993, while he was in foster care and his mother was incarcerated. When the mother learned of the sexual abuse, she wrote to the respondents urging them to investigate the incident, and the respondents replied by letter dated January 28, 1994, assuring her that an investigation was commenced in December 1993, right after the incident occurred.

In March 1994 the mother, acting *pro se,* brought a claim in the Court of Claims against the New York State Commissioner of Social Services, asserting the essential facts of her claim. The Court of Claims dismissed the claim by order dated September 14, 1994, on the grounds, *inter alia,* that no wrongdoing was alleged against the State of New York. In so doing, the Court of Claims urged the claimant "to seek counsel".

Thereafter, the mother retained counsel, and counsel prepared a proposed notice of claim dated November 8, 1994. The mother's address, as stated on the proposed notice of claim, reflected that she was still incarcerated.

On or about December 7, 1994, the petitioners' counsel made the instant application for leave to serve the late notice of claim. In denying that application, the court noted that the delay in making the application was "not presumptively prejudicial". However, the court found that there was no reasonable excuse for the delay, and that, although the respondents had actual knowledge of the incident since its occurrence, the documents submitted did not establish that they had actual knowledge of the petitioners' allegations that their employees were negligent.

In determining whether to grant leave to serve a late notice of claim, the key factors to consider are (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, (2) whether the claimant was an infant or incapacitated, (3) whether the claimant had a reasonable excuse for the delay in serving the notice of claim, and (4) whether the municipality was prejudiced by the delay (*see, Matter of Morehead v County of Westchester,* 222 AD2d 507).

In the instant case, there is no evidence that the respondents suffered any prejudice from the delay, and the court specifically noted that the delay was not presumptively prejudicial. Further, the respondents acknowledged that they commenced an investigation of the incident and surrounding circumstances

in December 1993, right after the incident occurred. Thus, the respondents should have acquired actual knowledge of the essential facts underlying the claim within the 90-day period (*see, Fahey v County of Nassau,* 111 AD2d 214; *see also, Matter of Guzman v County of Westchester,* 208 AD2d 925).

It is well settled that the absence of an acceptable excuse for the delay is not necessarily fatal to an application for leave to serve a late notice of claim (*see, Goodall v City of New York,* 179 AD2d 481; *Montaldo v Town of Harrison,* 151 AD2d 652; *Matter of Chatman v White Plains Hous. Auth.,* 101 AD2d 838; *Matter of Cicio v City of New York,* 98 AD2d 38). In any case, one of the petitioners was incarcerated, and the other petitioner was an infant, which provided some justification for the delay. The Court of Claims, in the order dated September 14, 1994, dismissing the claim against the State of New York, advised the mother to retain counsel, indicating that she had proceeded without counsel until then. The fact that the papers she submitted in the Court of Claims were "well-drafted", does not mean that she, a nonlawyer, can be charged with "law office failure". Further, law office failure which results in the wrong entity being served with the notice of claim, is not necessarily an unacceptable excuse for failing to timely serve a notice of claim (*see, Matter of Soto v New York City Hous. Auth.,* 180 AD2d 570).

Under all of the circumstances, I conclude that the denial of the application for leave to serve a late notice of claim was an improvident exercise of discretion.