■ In the Matter of VICTOR DELVALLE, Appellant, v CITY OF NEW YORK, Respondent. [661 NYS2d 998] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 15, 1996, which denied his application.

Ordered that the order is affirmed, with costs.

"In deciding an application for leave to serve a late notice of claim, the court must consider, *inter alia,* whether the [petitioner] has demonstrated a reasonable excuse for the delay, whether the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the municipal entity's opportunity to investigate and defend against the claim was substantially prejudiced by the delay" (*Pecchio v National Safety Envtl.,* 211 AD2d 773, 774; *see also, Matter of Buddenhagen v Town of Brookhaven,* 212 AD2d 605, 606; *Matter of O'Mara v Town of Cortlandt,* 210

AD2d 337, 338; *Matter of Sosa v City of New York,* 206 AD2d 374).

The question of whether to grant an application for leave to serve a late notice of claim is left to the sound discretion of the court (*see, Matter of Rudisel v City of New York,* 217 AD2d 702; *Ortega v New York City Hous. Auth.,* 167 AD2d 337). Here, the Supreme Court did not improvidently exercise its discretion in denying the petitioner's application. The petitioner failed to present an adequate excuse for the nearly eight-month delay in moving for leave to serve a late notice of claim. Moreover, the record shows that the conditions at the scene of the accident have changed to the prejudice of the respondent, and there is no evidence that the respondent had received actual notice of the essential facts of the claim within 90 days or a reasonable time thereafter (*see, Matter of Rudisel v City of New York, supra; Munnerlyn v City of New York,* 203 AD2d 437; *Johnson v New York City Tr. Auth.,* 181 AD2d 619; *Pantelup v City of New York,* 176 AD2d 932). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.