■ In the Matter of JENNIFER MELENDEZ, an Infant, by Her Father and Natural Guardian, RICARDO MELENDEZ, et al., Appellants, v CITY OF NEW YORK, Respondent. [666 NYS2d 507] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 5, 1995, as, upon vacatur of their default in answering a calendar call and upon reargument, denied that branch of their application which was for leave to serve a late notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law and as an exercise of discretion, with costs, that branch of the application which was for leave to serve a late notice of claim is granted, and the proposed notice of claim is deemed served.

Given the infancy of the allegedly injured petitioners (*see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671), their minimal delay beyond the statutory 90-day period in seeking leave to serve the late notice of claim (*see, e.g., Matter of Guzman v County of Westchester,* 208 AD2d 925), the respondent's possession of records containing the essential facts constituting the claim (*see, Matter of Guzman v County of Westchester, supra; Tatum v City of New York,* 161 AD2d 580), and the absence of actual prejudice to the respondent in the preparation of its defense (*see, Matter of Kurz v New York City Health & Hosps. Corp., supra; Matter of Charles v New York City Health & Hosps. Corp.,* 166 AD2d 526), the application for leave to serve a late notice of claim should have been granted. Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.