■ In the Matter of PHILIP MARK et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [681 NYS2d 81] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioners appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 25, 1997, which denied their application.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the petitioners' application for leave to serve a late notice of claim. The petitioners have failed to present a legally-acceptable excuse for their delay of almost six months after the 90-day statutorily-prescribed period (*see, Matter of Santana v City of New York,* 211 AD2d 636; *Winter v City of Geneva,* 203 AD2d 939). In addition, the petitioners failed to provide the respondents with actual notice of the essential facts of the claim within 90 days or a reasonable time thereafter (*see, Matter of Siena v Marlboro Houses,* 188 AD2d 534, 535; *Matter of Perry v City of New York,* 133 AD2d 692). The conditions at the scene of the accident have changed to the prejudice of the respondents, since they never had the opportunity to conduct their own investigation before the conditions changed (*see, Matter of DelValle v City of New York,* 242 AD2d 382, 383). In addition, the ladder was allegedly thrown out immediately after the injured petitioner's fall and cannot be examined, which further prejudices the respondents. Accordingly, the petitioners' application must fail (*cf., Wolff v Power Auth.,* Sup Ct, Westchester County, Oct. 14, 1993, Index No. 10950/93; *see also, Matter of Garguiolo v New York State Thruway Auth.,* 145 AD2d 915, 916).

We also note that the filing of a Workers' Compensation claim does not constitute notice to the respondents of the petitioners' impending claim and does not satisfy the require-

ments of General Municipal Law § 50-e to serve a timely notice of claim (*cf., Wolff v Power Auth., supra*; *see also, Ribeiro v Town of N. Hempstead,* 200 AD2d 730). Rosenblatt, J. P., Santucci, Altman and Friedmann, JJ., concur.