■ In the Matter of MICHAEL BRENNAN et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [972 NYS2d 238]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered January 27, 2012, denying petitioners' motion to file a late notice of claim, unanimously affirmed, without costs.

Petitioners' stated ignorance of the requirements of General Municipal Law § 50-e is not a reasonable excuse for failure to timely file a notice of claim (*see Rodriguez v New York City Health & Hosps. Corp. [Jacobi Med. Ctr.]*, 78 AD3d 538 [1st Dept 2010], *lv denied* 17 NY3d 718 [2011]). Petitioners also failed to demonstrate that the delay was due to petitioner Michael Brennan's injuries since he returned to work well before the motion to serve a late notice of claim was filed.

Although the absence of a reasonable excuse does not compel denial of the motion (*see Renelique v New York City Hous. Auth.*, 72 AD3d 595 [1st Dept 2010]), petitioners also failed to show that respondents or their insurance carrier had actual knowledge of the claim in that there was no evidence that the supervisor's report or witness statement were provided to respondents. Respondents' search of their files failed to disclose these documents or the presence of an inspector employed by respondents on the scene at the time of the accident. The documents provided by petitioners' concerning Michael Brennan's workers' compensation claim are insufficient since they do not state any facts suggesting that his injuries were due to respondents' negligence or that they are vicariously liable for the conduct of petitioner's employer.

Moreover, with respect to prejudice to respondents, it is uncontested that the conditions at the scene of the accident have changed (*see e.g. Matter of DelValle v City of New York*, 242

AD2d 382 [2d Dept 1997]). Concur—Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ.