Tucker v New York State Thruway Auth. (2019 NY Slip Op 06222)





Tucker v New York State Thruway Auth.


2019 NY Slip Op 06222


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-09477

[*1]Thomas Tucker, Jr., et al., appellants, 
v
New York State Thruway Authority, respondent.


Tomkiel & Tomkiel, Scarsdale, NY (Matthew Tomkiel and Stanley A. Tomkiel III of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Ellyn B. Wilder of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Walter Rivera, J.), dated May 3, 2018. The order denied the claimants' motion pursuant to Court of Claims Act § 10(6) for leave to file a late claim.
ORDERED that the order is affirmed, with costs.
The New York State Thruway Authority (hereinafter NYSTA) contracted with Tappan Zee Constructors, LLC (hereinafter TZC), to construct the new Tappan Zee Bridge. On May 4, 2015, the claimant Thomas Tucker, Jr. (hereinafter the injured claimant), was employed by TZC as a cement mason on the construction project and allegedly sustained injuries to his left shoulder when he lost his footing after the ladder upon which he was descending suddenly shifted and his left arm became hooked on a rung or railing.
By notice of motion dated December 5, 2017, the injured claimant and his wife moved pursuant to Court of Claims Act § 10(6) for leave to file a late claim alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6) for the alleged failure to properly secure the ladder. The Court of Claims denied the motion, and the claimants appeal.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612). The enumerated factors are whether the delay in filing was excusable, the State of New York had notice of the essential facts constituting the claim, the State had an opportunity to investigate the circumstances underlying the claim, the claim appears to be meritorious, the State is prejudiced, and the claimant has any other available remedy (see Court of Claims Act § 10[6]; Borawski v State of New York, 128 AD3d 628). " No one factor is deemed controlling, nor is the presence or absence of any one factor determinative'" (Decker v State of New York, 164 AD3d 650, 652, quoting Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474).
Here, the claimants failed to demonstrate a reasonable excuse for their failure to file timely claims, failed to demonstrate that the NYSTA had notice of the essential facts constituting the claims, failed to demonstrate that the NYSTA had an opportunity to investigate their claims, and [*2]failed to sustain their initial burden of demonstrating that the NYSTA would not be substantially prejudiced by the filing of the untimely claims (see Sharief v State of New York, 164 AD3d 851; Decker v State of New York, 164 AD3d 650; Matter of Mark v Board of Educ. of City of N.Y., 255 AD2d 586; cf. Casey v State of New York, 161 AD3d 720).
Accordingly, we agree with the Court of Claims' determination to deny the claimants' motion pursuant to Court of Claims Act § 10(6) for leave to file a late claim.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court