Gray v State of New York (2022 NY Slip Op 03098)





Gray v State of New York


2022 NY Slip Op 03098


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-04745

[*1]John M. Gray, et al., appellants, 
v
State of New York, respondent. Michael G. O'Neill, New York, NY, for appellants.


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated May 7, 2020. The order denied the claimants' motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
At approximately 5:30 a.m. on October 12, 2018, the claimant John M. Gray (hereinafter the injured claimant) allegedly was injured as a result of a motor vehicle accident. The injured claimant was driving westbound in the left lane of the Southern State Parkway in Babylon when he allegedly drove through a puddle, which caused his vehicle to hydroplane and veer to the right. The injured claimant's car struck another vehicle, and then skidded into some trees on the side of the highway.
By notice of motion dated November 11, 2019, the injured claimant and his wife moved for leave to file a late claim pursuant to Court of Claims Act § 10(6). They alleged, among other things, that water accumulated to create the puddle that was the supposed cause of the accident because the roadway, at that location, had not been maintained in accordance with "its original design specification, which requires that the cross slope of the left lane be approximately 1.5 to 2 degrees" in order to facilitate drainage. In an order dated May 7, 2020, the Court of Claims denied the motion, and the claimants appeal.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612). The enumerated factors are whether: the delay in filing was excusable, the State of New York had notice of the essential facts constituting the claim, the State had an opportunity to investigate the circumstances underlying the claim, the claim appears to be meritorious, the State is prejudiced, and the claimant has any other available remedy (see Court of Claims Act § 10[6]; Borawski v State of New York, 128 AD3d 628, 628-629). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Decker v State of New York, 164 AD3d 650, 652 [internal quotation marks omitted]).
Here, the claimants concede that the State did not have notice of the essential facts constituting the claim or an opportunity to timely investigate (see id. at 652-653; Matter of Mark v Board of Educ. of City of New York, 255 AD2d 586, 586). Further, the claimants failed to sustain [*2]their initial burden of demonstrating that the State would not be substantially prejudiced if their motion, which was made 13 months after the claim accrued, was granted (see Decker v State of New York, 164 AD3d at 653).
Moreover, the claimants failed to demonstrate a reasonable excuse for their substantial delay in seeking leave to file a late claim (see Casey v State of New York, 161 AD3d 720, 721), and failed to establish that their claim appeared to be meritorious (see Youthkins v Cascio, 298 AD2d 386, 387, affd 99 NY2d 638).
Accordingly, the Court of Claims providently exercised its discretion in denying the claimants' motion for leave to file a late claim.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court