## Charlemagne v New York City Tr. Auth.

2024 NY Slip Op 33139(U)

September 9, 2024

Supreme Court, New York County

Docket Number: Index No. 154683/2024

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. RICHARD TSAI** | **PART** | **21** |

*Justice*

-----------------------------------------------------------------------------X

FRANCOIS CHARLEMAGNE

                     Petitioner,

             - v -

NEW YORK CITY TRANSIT AUTHORITY,

                     Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154683/2024 |
| **MOTION DATE** | 05/21/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + JUDGMENT ON PETITION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 1-12

were read on this petition                            LEAVE TO FILE                .

Upon the foregoing documents, it is **ADJUDGED** that the petition seeking leave to serve a late notice of claim upon the respondent, or, in the alternative, seeking an order deeming the petitioner's proposed notice of claim timely served *nunc pro tunc,* is **DENIED**, and the proceeding is dismissed.

In this proceeding, petitioner Francois Charlemagne seeks leave to serve a late notice of claim upon respondent New York City Transit Authority (NYCTA). Alternatively, petitioner seeks an order deeming petitioner's proposed notice of claim timely served *nunc pro tunc.* Respondent opposed the petition.

## DISCUSSION

Where an action against the NYCTA is founded on a tort (except for wrongful death), Public Authorities Law § 1212 (2) requires service of a notice of claim upon the NYCTA, prior to the commencement of the action, "within the time limited by and in compliance with all of the requirements of section [50-e] of the general municipal law."

Under General Municipal Law § 50-e (5), courts have discretion to grant an extension of time for service of a notice of claim. "The burden of production is on the petitioner in a special proceeding, and the court applies settled summary judgment standards, under which the party seeking relief must establish entitlement to judgment as a matter of law by submitting admissible evidence" (*Matter of Jaime v City of New York*, 41 NY3d 531, 542 [2024] [internal citations and quotations omitted]).

"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider 'in particular' whether the municipality 'acquired actual knowledge of the essential facts constituting the claim

**154683/2024   CHARLEMAGNE, FRANCOIS vs. NEW YORK CITY TRANSIT AUTHORITY**
**Motion No.  001**

**Page 1 of 5**

within [90 days of the claim's accrual] or within a reasonable time thereafter.' Courts are to place 'great weight' on this factor, which the party seeking leave has the burden of establishing through the submission of nonspeculative evidence" (*Matter of Jaime*, 41 NY3d at 540 [2024] [internal citations omitted]).

"Additionally, the statute requires the court to consider 'all other relevant facts and circumstances' and provides a 'nonexhaustive list of factors that the court should weigh'. One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits'"(*Matter of Newcomb v Middle Country Cent. School Dist.*, 28 NY3d 455, 460-461 [2016] [internal citation omitted]).

The Appellate Divisions have held that courts must also consider whether petitioner has a reasonable excuse for the delay, but the "failure to offer a reasonable excuse is not necessarily fatal" (*Clarke v New York City Tr. Auth.*, 222 AD3d 552, 553 [1st Dept 2023]; *Guerre v New York City Tr. Auth.*, 226 AD3d 897, 898 [2d Dept 2024]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Guerre*, 226 AD3d at 898 [quotation marks and citation omitted]). Thus, petitioner essentially needs to prove only the first two factors to be entitled to leave to serve a late notice of claim.

Reasonable excuse

Here, petitioner has not provided a reasonable excuse for his delay in serving the notice of claim. Petitioner's counsel affirms that a notice of claim "was e-filed on the New York City Comptroller on October 24,2023", which named the New York City Transit Authority" (affirmation in support ¶ 4 (NYSCEF Doc. No. 3]). According to petitioner's counsel the serving of the wrong public corporation is "[a]n excusable error" (*id.* ¶ 5). Petitioner's counsel affirms this petition was made "promptly" after the New York City Comptroller notified petitioner that the October 24, 2023, claim had been disallowed (*id.* ¶ 6).

However, petitioner's error in identifying the responsible corporation does not constitute a reasonable excuse for delay in giving notice (*see Matter of Richardson v New York City Hous. Auth.*, 136 AD3d 484, 485 [1st Dept 2016]).

Actual knowledge of the essential facts

Petitioner claims respondent "had actual knowledge of the happening of the accident from the police accident report" (affirmation in support ¶ 8).

In opposition, respondent argues that petitioner has not established that it has "acquired timely actual knowledge of the essential facts of his claim" because: (1) the police accident report is not certified and therefore is not admissible evidence; (2)

**154683/2024   CHARLEMAGNE, FRANCOIS vs. NEW YORK CITY TRANSIT AUTHORITY**          **Page 2 of 5**
**Motion No.  001**

[* 2]                                              2 of 5

petitioner did not adduce any evidence of NYCTA ever receiving the police report; and (3) in any event, "the substance of the police report was insufficient to provide actual knowledge because "it did not contact facts from which it can be readily inferred that a potentially actionable wrong had been committed by [NYCTA]" (affirmation in opposition ¶¶ 10, 13-15).

In reply, petitioner argues the police report is admissible because it was made by a police officer in the regular course of his duties (affirmation in reply [NYSCEF Doc. No. 12]).

"The actual knowledge requirement contemplates actual knowledge of the essential facts constituting the claim, not knowledge of a specific legal theory" (*Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401, 403 [1st Dept 2018]; *Matter of Grande v City of New York*, 48 AD3d 565 [2nd Dept 2008]). However, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of [the] 'claim'" (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141 [1st Dept 1990]; *see also Bullard v City of New York,* 118 AD2d 447 [1st Dept 1986]). "The statute contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted" (*Carpenter v City of New York*, 30 AD3d 594, 595 [2d Dept 2006]).

A police accident report is admissible as a business record only where it incudes a certification that the record "was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (*Yassin v Blackman*, 188 AD3d 62, 66 [2d Dept 2020]).

The police accident report (NYSCEF Doc. No 7) includes no certification and, therefore, is not admissible in this special proceeding. Even if the police accident report were admissible, petitioner has not asserted if or when respondent obtained the police accident report. "The fact that the New York City Police Department had knowledge of this accident, without more, cannot be considered actual knowledge by the [New York City Transit Authority] of the essential facts underlying the claim" (*Durand v MV Transp., Inc.*, 186 AD3d 564 [2d Dept 2020]).

It appears from the evidence on the record, that the first-time respondent acquired actual knowledge of the essential facts of this claim was on May 30, 2024, 248 days after the alleged accident, when the papers for this petition were served on respondent (affirmation of service [NYSCEF Doc. No 10]). This is well beyond 90 days after the incident and not a reasonable time thereafter (*see Johnson v New York City Tr. Auth.,* 181 AD2d 619, 619 [1st Dept 1992] [first mention of defective handrail was made three months after the untimely notice of claim was received and six months after the alleged incident]).

**154683/2024   CHARLEMAGNE, FRANCOIS vs. NEW YORK CITY TRANSIT AUTHORITY**          **Page 3 of 5**
**Motion No.  001**

3 of 5

In conclusion, petitioner did not meet his burden of demonstrating that the NYCTA acquired actual knowledge of the essential facts of the claim within 90 days of the accident or a reasonable time thereafter.

Substantial prejudice

"[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (*Matter of Newcomb*, 28 NY3d at 466).

For example, if a transitory condition allegedly caused the petitioner's injuries, a petitioner demonstrates lack of prejudice if the condition would no longer have existed even if timely service had been made (*see Camins v New York City Hous. Auth.*, 151 AD3d 589, 590 [1st Dept 2017]; *Matter of Rivera v City of New York*, 127 AD3d 445, 446 [1st Dept 2015]). Or, if a premises condition had not changed since the date of the alleged accident, such that an investigation would still be possible despite the late notice (*Fredrickson v New York City Hous. Auth.*, 87 AD3d 425, 425 [1st Dept 2011]).

"Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb*, 28 NY3d at 467). "Substantial prejudice may not be inferred solely from the delay in serving a notice of claim" (*id.* at 468 n 7).

Here, petitioner argues there is no prejudice because respondent "had actual knowledge of the happening of the accident from the police report" (affirmation in support ¶ 8).

"[B]oth the length of delay in service and lack of actual knowledge of the facts underlying the claim certainly can affect whether the late notice substantially prejudices the public corporation in defending the claim. Nonetheless, whether the public corporation is substantially prejudiced remains a separate inquiry under the statute. Indeed, there may be scenarios where, despite a finding that the public corporation lacked actual knowledge during the statutory period or a reasonable time thereafter, the public corporation nonetheless is not substantially prejudiced by the late notice" (*Matter of Newcomb*, 28 NY3d at 467 [internal citation omitted]).

As discussed above, the police accident report was not sufficient to establish that respondent had acquired actual knowledge of the essential facts constituting petitioner's claim within 90 days of the alleged accident, or a reasonable time thereafter. In the court's view, petitioner therefore did not meet his initial burden of demonstrating that the late notice would not result in substantial prejudice.

**154683/2024   CHARLEMAGNE, FRANCOIS vs. NEW YORK CITY TRANSIT AUTHORITY**
**Motion No.  001**

Page 4 of 5

20240909150155RTSAIE24E1417CB584BC1AAA29CB232F9E5D5

**9//9/2024**
DATE

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154683/2024   CHARLEMAGNE, FRANCOIS vs. NEW YORK CITY TRANSIT AUTHORITY**          **Page 5 of 5**
**Motion No.  001**

5 of 5